## HAYWARD and another *v.* CITY OF ST. LOUIS and another.*

*(Circuit Court, E. D. Missouri. April 14, 1882.)*

LETTERS PATENT—EXTENDED TERM—STATUTE OF LIMITATIONS.

    Where suit was brought for an infringement of reissued letters patent, reissued in 1868, and a plea of the statute of limitations was interposed, *held,* (1) that the state statute did not apply; (2) that section 55 of the act of July 8, 1870, had not been repealed, so as to relieve either party to the case from the federal limitation of six years after the expiration of the extended term.

Demurrer to the plea of the statute of limitations. This is a suit for an infringement of letters patent of the United States, originally

---

*Reported by B. F. Rex, Esq., of the St. Louis bar.

granted in the year 1854, and reissued for an extended term of seven years in 1868. The petition alleges that the defendants "infringed upon the exclusive rights and privileges intended to be secured to plaintiffs by the reissued letters patent," but does not state when said rights and privileges were infringed. The board of president and directors of the St. Louis public schools (one of the defendants) filed a separate answer containing—*First,* a general denial; and, *second,* a plea that the alleged cause of action set forth in the petition did not accrue to the plaintiffs within five years next before the commencement of the suit.

*D. M. Spier, Jr.,* and *O. B. Sansum,* for plaintiff.

*Leo Rassieur,* for the board of president and directors of the St. Louis public schools.

TREAT, D. J. The defendant pleads the statute of the state which requires suit to be brought within five years from date of cause of action accrued.

The state statute does not apply, inasmuch as congress has fixed the date in patent cases whereof the federal government has exclusive jurisdiction. It is contended that the congressional limitation has been repealed. If so, no limitation would prevail, except as by the state statute. Without repealing what has been so ably considered by other United States courts, it is held that the federal statute in this respect has not been repealed so as to relieve either of the parties to this case from the federal limitation of six years. The plea, therefore, is bad, but the petition is very indefinite.

As the case is presented, the defendants, if they desire to set up that the claim is barred by the federal statute, must aver the period of six instead of five years.

Demurrer is sustained.*

---

*Act of July 8, 1870, § 55; Rev. St. § 5599; *Sayles* v. *Louisville City R. Co.* 9 FED. REP. 512; *Sayles* v. *L. & M. S. R. Co.* Id. 515; *Sayles* v. *Dubuque & S. C. R. Co.* Id. 516.